UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NASIK EL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RANCH INN MOBILE HOME PARK LLC, KETIH METTER, SHARON COX, GUY COX, JESUS ISSAGUIRIE, and DOES 1 through 25, inclusive,<br><br>　　　　Defendants. | Case No.: CV 22-04863-CJC (RAOx)<br><br>ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION |

　　On July 15, 2022, Plaintiff Nasik El filed this action alleging numerous state law claims against Defendants. (Dkt. 1 [Complaint, hereinafter "Compl."].) In his Complaint, Plaintiff represents that this Court has federal subject matter jurisdiction over this action. (*Id.*) Federal subject matter jurisdiction exists when a civil action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. However, Plaintiff fails to bring his claims pursuant to federal law. Instead, Plaintiff's claims appear to rest on California law, specifically California's Fair Employment and

Housing Act ("FEHA") and California's common law. (*See* Compl. ¶¶ 34–43 [First Cause of Action – Discrimination on the Basis of Race in Violation of FEHA]; ¶¶ 44–54 [Second Cause of Action – Harassment on the Basis of Race in Violation of FEHA]; ¶¶ 55–63 [Third Cause of Action– Retaliation for Complaining of Discrimination and Harassment on the Basis of Race in Violation of FEHA]; ¶¶ 64–73 [Fourth Cause of Action – Discrimination on the Basis of Gender in Violation of FEHA]; ¶¶ 74–83 [Fifth Cause of Action – Harassment on the Basis of Gender in Violation of FEHA]; ¶¶ 84–91 [Sixth Cause of Action – Retaliation for Complaining of Discrimination and Harassment on the Basis of Gender in Violation of FEHA]; ¶¶ 93–99 [Seventh Cause of Action – Failure to Prevent Harassment, Discrimination, and Retaliation Pursuant to California Law]; ¶¶ 100–106 [Eleventh Cause of Action – Intentional Infliction of Emotional Distress].)[1]

This may be fatal to Plaintiff's case because there is also no indication that diversity subject matter jurisdiction exists over his case. Diversity jurisdiction exists when there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839 (9th Cir. 2002). Plaintiff represents in his Complaint, however, that all parties are citizens of California. (*See id.* ¶ 1 ["Plaintiff Nasik El . . . is a resident of the State of California."]; ¶ 2 ["Defendant Ranch Inn Mobile Home Park LLC [is] . . . a California Corporation[.]"]; ¶ 3 ["Defendant Sharon Cox . . . is, and at all times mentioned in this Complaint was, a resident of the County of Los Angeles, State of California."]; ¶ 4 ["Defendant Guy Cox . . . is, and at all times mentioned in this Complaint was, a resident of the County of Los Angeles, State of California."]; ¶ 5 ["Defendant Jesus Issaguirie . . . is, and at all times mentioned in this Complaint was, a resident of the County of Los Angeles, State of California."]; ¶ 6 ["Defendant Keith Metter . . . is, and at all times mentioned in this

---

[1] Plaintiff's Complaint appears to skip from his Seventh Cause of Action to his Eleventh Cause of Action. The Court assumes this was inadvertent error and makes clear that his Complaint does not identify an Eighth, Ninth, or Tenth Cause of Action. (*See* Compl. at 22.)

Complaint, was a resident of the County of Los Angeles, State of California."].)  Plaintiff also makes no mention of the amount in controversy.

Accordingly, the Court **ORDERS** Plaintiff to show cause in writing by **August 2, 2022** why this case should not be dismissed for lack of subject matter jurisdiction. Failure to do so will result in dismissal of this action.  Defendants may, but are not required to, file a statement by the same date.

DATED:     July 26, 2022

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE